# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER, #L1625**                          **PLAINTIFF**

v.                                               **CIVIL NO. 1:19-cv-269-LG-RHW**

**JOHNATHAN HUNT, MARSHALL
TURNER, JAMARIO CLARK,
MARCUS NELSON, JACQUALINE BANKS,
AND JAMES COOKSEY**                                            **DEFENDANTS**

## ORDER DISMISSING PLAINTIFF'S COMPLAINT AS MALICIOUS AND IMPOSING SANCTIONS

BEFORE THE COURT is pro se Plaintiff Demario Dontez Walker's Complaint [1] and Motion [2] for leave to proceed *in forma pauperis* ("IFP"). Walker is presently an inmate of the Mississippi Department of Corrections incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi.

Walker's Complaint [1] is a duplication of the claims he presents in *Walker v. Hunt*, No. 1:19-cv-246-LG-RHW (filed April 19, 2019). In fact, pages 6–17 of the Complaint filed in this civil action is an exact copy of the Complaint filed in civil action number 1:19-cv-246-LG-RHW ("*Walker I*").

"[A]n action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). A district court has "broad discretion" in dismissing a complaint as malicious. *Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014). Walker is entitled to "one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Walker's

Complaint [1] is malicious to the allegations presented in *Walker I*.

Walker is an experienced pro se litigator with "three-strikes" under § 1915. Despite his strike status, Walker is proceeding IFP under the exception provision in *Walker I*. Many of Walker's claims in *Walker I* and several other previous civil actions have been dismissed as malicious. *See Walker v. Banks*, No. 3:17-cv-995-CWR-FKB (S.D. Miss. Feb. 9, 2018) (listing previous actions and dismissing case as Walker's fourth duplicative action). Walker is well-aware that it is "malicious" to "file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman*, 980 F.2d at 995.

Federal Courts have inherent powers "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the authority "to levy sanctions in response to abusive litigation practices." *Id*. Walker has been warned on at least two prior occasions that if he continues to file repetitive, duplicative, and malicious complaints he will be subject to sanctions. *See Walker v. Banks*, No. 3:17-cv-995-CWR-FKB (S.D. Miss. Feb. 9, 2018) (issuing second sanction warning for filing duplicative civil actions). Specifically, the Court warned Walker that "continuing to file duplicative lawsuits or civil actions determined to be abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this Court." *Id*. As evidenced by this

2

case, the Court's prior warnings have gone unheeded by Walker. Lesser sanctions have not deterred Walker from filing malicious pleadings. In light of Walker's continued filing of malicious pleadings, the Court finds the imposition of a monetary sanction to be appropriate. *See e.g., In re Winding*, No. 10-60431 (5th Cir. Aug. 3, 2010) (imposing monetary sanction of $200.00 for prisoner's failure to heed two prior sanction warnings); *In re Rich*, No. 07-30650 (5th Cir. Sept. 5, 2007) (imposing monetary sanction of $250.00 for prisoner's repetitive motions noting that "[b]ecause Rich failed to heed [a prior] warning, we now impose a monetary sanction."). Walker is assessed a monetary sanction in the amount of $50.00, for his repeated malicious filings. *See Annamalai v. Sivanadiyan*, 713 F. App'x 409, 411 (5th Cir. 2018) (affirming dismissal of pro se litigant's complaint as malicious and district court's imposition of monetary sanctions and imposing additional monetary sanction of $500 for frivolous appeal). Accordingly, it is hereby,

**ORDERED** that pro se Plaintiff Demario Dontez Walker's Motion [2] for leave to proceed IFP is granted for the limited purpose of screening this Complaint under 28 U.S.C. § 1915 (e)(2)(B). The required payment schedule for the filing fee will be established by separate order. Having completed that screening, the Court determines that this civil action is **DISMISSED AS MALICIOUS.**

**IT IS FURTHER ORDERED** that this dismissal is without prejudice to Walker's pursuit of *Walker v. Hunt*, No. 1:19-cv-246-LG-RHW (filed April 19, 2019).

**IT IS FURTHER ORDERED** that Walker is assessed a monetary sanction

in the amount of $50.00, for his repeated malicious filings. Payment of this sanction is due immediately to the Clerk of Court.

**IT IS FURTHER ORDERED** that Walker is cautioned that if he files any additional duplicative or malicious pleadings it will lead to the imposition of additional sanctions, including but not limited to **increased monetary fines** or restrictions on his ability to file *pro se* actions in this Court.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE